Filed 6/13/24  P. v. Hernandez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

THE PEOPLE,

    Plaintiff and Respondent,

        v.

ROBERTO HERNANDEZ,

    Defendant and Appellant.

G062791

(Super. Ct. No. 08WF1191)

O P I N I O N

---

        Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge.  Reversed and remanded with directions.

        Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

        \*        \*        \*

When ruling on a Penal Code section 1172.6 petition at the prima facie stage, a trial court must issue an order to show cause unless the record of conviction irrefutably establishes the petitioner is ineligible for relief as a matter of law.[1] (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Ibid.*)

In 2013, Roberto Hernandez and a codefendant were charged with one count of murder and related firearm and gang allegations. At Hernandez's separate trial, the court instructed the jury on aider and abettor liability, including the natural and probable consequences doctrine. The jury acquitted Hernandez of first degree murder, but the jurors could not reach a verdict on lesser included charges. Hernandez later pleaded guilty to voluntary manslaughter and admitted the firearm and gang allegations.

On the plea form, Hernandez averred: "In Orange County, California, on 6/27/08 I unlawfully killed [the victim] because of an honest but unreasonable belief that he was about to cause me great bodily harm or death and I needed to use deadly force to defend against him. I did this with a firearm and in association with [and] for the benefit of Orphans, a criminal street gang per P.C. 186.22."

In 2023, Hernandez filed a petition for resentencing. The court denied the petition at the prima facie stage because: "The Defendant pled guilty to voluntary manslaughter and took a plea deal for 20 years in state prison. It is clear from the record that the defendant was the actual perpetrator." Hernandez appeals.

At first blush, the record of conviction would appear to support the trial court's ruling. But upon closer consideration, we find that Hernandez's guilty plea does not *irrefutably* establish as a matter of law that he was the actual shooter.

---

[1] Further undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

Hernandez admitted he "unlawfully killed [the victim]" and then recited the elements of voluntary manslaughter. But when he pleaded guilty, it was possible for Hernandez to *unlawfully kill* as an aider and abettor under the (now defunct) natural and probable consequences doctrine. (See *People v. Smith* (2014) 60 Cal.4th 603, 612 ["a reasonable person . . . would have known that the commission of the murder *or voluntary manslaughter* was a natural and probable consequence of the commission of the disturbing the peace or assault or battery"], italics added.)

Hernandez further admitted he "did this" unlawful killing "with a firearm" and admitted a personal use of a firearm allegation. But personal use of a firearm can simply mean brandishing a firearm. (*People v. Arzate* (2003) 114 Cal.App.4th 390, 399–400.) In other words, it is possible to interpret the factual basis of Hernandez's voluntary manslaughter plea to mean that he brandished a firearm in unreasonable self-defense, but the victim was "unlawfully killed" as a result of a shooting by Hernandez's codefendant or some other accomplice.

Hernandez did not explicitly state that he shot and killed the victim; therefore, the record of conviction does not *irrefutably* establish Hernandez is ineligible for relief under section 1172.6 as a matter of law. Thus, we reverse the ruling of the trial court and remand the matter with directions to issue an order to show cause.

I

PROCEDURAL BACKGROUND

In March 2009, the prosecution filed an information charging Hernandez and a codefendant with the murder of the victim, and a substantive gang crime (the defendants were respectively 18 and 17 years old on the day of the alleged murder). (§§ 187, subd. (a), 186.22, subd. (a).) As to the murder, the information alleged a gang enhancement, and a gang special circumstance allegation. (§§ 186.22, subd. (b), 190.2, subd. (a)(22).) As to both defendants, the prosecution alleged that a gang member

3

vicariously discharged a firearm causing death. (§ 12022.53, subd. (d) & (e)(1).) As to Hernandez, the prosecution also alleged he personally discharged a firearm causing death. (§ 12022.53, subd. (d).)

In February 2013, the prosecution filed an amended information charging Hernandez with murder and a substantive gang crime (the codefendant was no longer charged). (§§ 187, subd. (a), 186.22, subd. (a).) As to the murder, the information alleged a gang enhancement (the gang special circumstance was no longer alleged). (§ 186.22, subd. (b).) As to Hernandez, the prosecution alleged that a gang member vicariously discharged a firearm causing death (the personal use of a firearm allegation was no longer alleged). (§ 12022.53, subd. (d) & (e)(1).)

In February through March 2013, the trial court presided over a nine-day jury trial.[2] The former codefendant testified as a witness for the prosecution. Hernandez testified on his own behalf. The court dismissed the substantive gang charge after the close of evidence. The court instructed the jury on aiding and abetting principles, including the natural and probable consequences doctrine (the court did not instruct the jury on the felony-murder rule, and it is not at issue in this appeal). The jury found Hernandez not guilty of first degree murder. The jury was unable to reach a verdict on lesser included offenses (second degree murder and voluntary manslaughter).

In May 2013, the prosecution amended the information by interlineation as part of a negotiated plea agreement. Hernandez pleaded guilty to a charge of voluntary manslaughter. (§ 192, subd. (a).) Hernandez admitted a gang enhancement and a personal use of a firearm enhancement. (§§ 186.22, subd. (b), 12022.5, subd. (a).) On the plea form, Hernandez stated: "In Orange County, California, on 6/27/08 I unlawfully killed [the victim] because of an honest but unreasonable belief that he was about to

---

[2] The jury trial transcripts (and therefore the underlying facts) were not included in the record of conviction. What happened during the trial is gleaned from the court's minutes and other documents that were included in the record on appeal.

4

cause me great bodily harm or death and I needed to use deadly force to defend against him. I did this with a firearm and in association with [and] for the benefit of Orphans, a criminal street gang per P.C. 186.22."[3] (Underlining added.)

In August 2013, the trial court imposed a negotiated term of 20 years in state prison, consisting of six years for the voluntary manslaughter conviction, 10 years for the gang enhancement, and four years for the firearm enhancement.

In February 2023, Hernandez filed a petition for resentencing and the trial court appointed counsel for Hernandez. After both parties filed opposing briefs, the court presided over a prima facie hearing. The court later denied Hernandez's section 1172.6 petition in a written ruling (the proceedings will be summarized more fully in the discussion section of this opinion).

II

DISCUSSION

Hernandez appeals contending: "The factual basis offered for appellant's plea did not conclusively refute his sworn allegation that he could not presently be convicted of murder." (Capitalization & boldfacing omitted.) We agree.

"We independently review a trial court's determination on whether a petitioner has made a prima facie showing" under section 1172.6. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; accord, *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200 ["We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage"].) "'A denial at that stage is appropriate only if the record of conviction demonstrates that "the petitioner is ineligible for relief as a matter of law."'" (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

In the remainder of this discussion, we shall: A) review relevant legal

_____

[3] The underlined portion was part of the preprinted plea *Tahl* form. (See *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).) The remainder of the factual statement was handwritten.

principles; B) summarize the proceedings on the section 1172.6 petition; and C) analyze the facts as applied to the relevant legal principles.

*A. Relevant Legal Principles*

Effective January 1, 2019, the Legislature substantially modified the two statutes governing accomplice liability theories for murder. (§§ 188, 189.) The Legislature "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*Lewis*, *supra*, 11 Cal.5th at p. 957.) The Legislature "also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended." (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

The initial version of section 1172.6 only applied to murder convictions, but the Legislature subsequently added manslaughter and attempted murder to the covered crimes. "When the Legislature added manslaughter to the covered crimes . . . , it did so out of concern that some defendants may have pled guilty to voluntary manslaughter before 2019 to avoid being convicted of a charged murder under one of the theories eliminated or narrowed by" the Legislature. (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1213, fn. 4 ["'a petitioner may have pled guilty or no contest to voluntary manslaughter in order to forego the risk of being convicted of murder or attempted murder under one of [the] subsequently abrogated theories of liability'"].)

Under the present version of section 1172.6, eligible persons can be granted relief only if all of the following three requirements are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a)(1).) "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial

6

or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder." (§ 1172.6, subd. (a)(2).) "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

If the petitioner makes a prima facie showing, the trial court must issue an order to show cause and conduct an evidentiary hearing. (§ 1172.6, subds. (c) & (d).) At the prima facie stage, the trial court examines the underlying record of conviction, but the "court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) The court accepts the "'"petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.'"'" (*People v. Patton* (2023) 89 Cal.App.5th 649, 656, review granted June 28, 2023, S279670.) "[T]he court may consider jury instructions, jury verdicts, and other documents that are part of the record of conviction to determine whether the petitioner satisfies the conditions for relief." (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

Under section 1172.6, "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner"'" at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) For example, if "the record of conviction *irrefutably* establishes as a matter of law that the jury determined [the petitioner] was the actual killer," the trial court may properly deny the "petition at the prima facie stage." (*People v. Harden*, *supra*, 81 Cal.App. 5th at pp. 56, 60, italics added.)

In circumstances where the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts "the defendant admitted as the factual basis for a guilty plea." (*People v. Gallardo* (2017) 4 Cal.5th 120, 136.) Generally, when a defendant pleads guilty, he or she "'admits every element of the charged offense.'" (*People v. Rivera* (2021) 62 Cal.App.5th 217, 234.) However, in a

7

section 1172.6 petition at the prima facie stage, the court may ordinarily only consider the facts the defendant has stipulated to as part of the guilty plea to determine the theory under which the defendant was convicted. (See *People v. Davenport* (2021) 71 Cal.App.5th 476, 484 ["'neither felony murder nor murder under the natural and probable consequences doctrine need be separately pleaded'" in the charging document].)

"Murder is the unlawful killing of a human being with malice aforethought. (§ 187, subd. (a).) A defendant who commits an intentional and *unlawful killing* but who lacks malice is guilty of the lesser included offense of voluntary manslaughter. (§ 192.) But a defendant who intentionally and unlawfully kills lacks malice only in limited, explicitly defined circumstances: either when the defendant acts in a 'sudden quarrel or heat of passion' (§ 192, subd. (a)), or when the defendant kills in 'unreasonable self-defense'—the unreasonable but good faith belief in having to act in self-defense." (*People v. Barton* (1995) 12 Cal.4th 186, 199, italics added.)

### B. The Section 1172.6 Proceedings

Hernandez filed a section 1172.6 petition with the trial court. Hernandez checked boxes on the form document averring:

"1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.]

"2. I was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.]

"3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

8

The prosecution filed a response and a request for a prima facie hearing. The People attached several exhibits, including copies of the trial court's minutes, the charging documents, the jury instructions, the verdict forms, and the felony plea form. The prosecution argued: "Based on the record of conviction, *the uncontroverted facts indisputably show* that the petitioner does not meet the statutory requirements necessary for relief and thus, the petition for resentencing should be denied at the prima facie hearing." (Italics added.)

Hernandez filed a reply brief. Hernandez argued he "merely admitted the elements of manslaughter which . . . does not preclude a petitioner from making a prima facie showing for relief."

The trial court presided over a prima facie hearing and later denied Hernandez's petition in a written ruling. In relevant part, the court stated:

"The Court has reviewed the handwritten petition, the court minutes, the information/charging documents, abstract of judgment, jury instructions, verdict forms, Defendant's Tahl form and briefs and responses filed by both attorneys. [¶] . . . [¶]

"In the plea form, defendant admits acting with express malice by stating that he 'unlawfully killed' the victim and that he 'did this with a firearm.' There is no ambiguity or vagueness to this admission. These admissions satisfy the requirements to prove murder under current law. [¶] Actual killers are not entitled to relief for obvious reasons. Defendant is ineligible as a matter of law."

## C. Analysis and Application

It is undisputed that an information was filed against Hernandez that allowed the prosecution to proceed under the (now defunct) natural and probable consequences doctrine of aider and abettor liability. (See § 1172.6, subd. (a)(1).) It is also undisputed that Hernandez pleaded guilty to a charge of voluntary manslaughter in lieu of a trial in which he could have been convicted of murder as an aider and abettor

9

under the natural and probable consequences doctrine. (See § 1172.6, subd. (a)(2).)

Essentially, the only issue in this appeal is whether the record of conviction indisputably refutes as a matter of law Hernandez's assertion in his section 1172.6 petition that he could not presently be convicted of *murder* under current law (meaning without reliance on the natural and probable consequences theory of aider and abettor liability). (See § 1172.6, subd. (a)(3).) That is, if the record of conviction indisputably established that Hernandez was the person who actually shot and killed the victim, then we would agree with the Attorney General that Hernandez is ineligible for relief as a matter of law. But based on our de novo review, we do not find that this pivotal fact has been irrefutably established by the record of conviction.[4]

On the felony plea form, Hernandez admitted he "unlawfully killed [the victim]" and then recited the elements of voluntary manslaughter under an imperfect self-defense theory. (See *People v. Barton*, *supra*, 12 Cal.4th at p. 199.) But in 2013, at the time Hernandez pleaded guilty to voluntary manslaughter, it was possible for a person to *unlawfully kill* as an aider and abettor under the (now defunct) natural and probable consequences doctrine. (See § 192 ["Manslaughter is the *unlawful* killing of a human being without malice"]; see also *People v. Smith*, *supra*, 60 Cal.4th at p. 612 ["trial court instructed the jury on . . . natural and probable consequence theory regarding both murder and the lesser included offense of voluntary manslaughter"].)

Consequently, simply pleading guilty or no contest to a charge of voluntary manslaughter—*an unlawful killing*—does not render a petitioner irrefutably ineligible for relief as a matter of law under section 1172.6. (See, e.g., *People v. Gaillard*, *supra*, 99 Cal.App.5th at pp. 1212–1213 [petitioner's guilty plea to voluntary manslaughter did not

---

[4] Hernandez argues he would still be eligible for relief even if the record of conviction irrefutably established that he was the actual killer. We disagree. (See *Lewis*, *supra*, 11 Cal.5th at p. 957 [in 2019, the Legislature "eliminated natural and probable consequences liability for murder *as it applies to aiding and abetting*"], italics added.)

conclusively establish at the prima facie stage that petitioner could still be convicted of murder under current law]; see also *People v. Estrada* (2024) 101 Cal.App.5th 328, 335–336 [petitioner's plea of no contest to voluntary manslaughter did not answer the question of whether intent could have been imputed to him under the natural and probable consequences doctrine; therefore, the trial court improperly denied petitioner's section 1172.6 petition at the prima facie stage].)

As Hernandez argues in his opening brief:  "Section 1172.6, subdivision (a)(3) does *not* require a petitioner to allege or prove that he could not be convicted of *manslaughter* under current law.  The focus is on a petitioner's liability for murder or attempted murder.  If a factual basis for manslaughter, like the one stated on appellant's plea form, forecloses relief under the statute as a matter of law, then *no one* convicted, by plea . . . of manslaughter is eligible for relief under section 1172.6.  Clearly, this was not the legislature's intent."  (See *People v. Gaillard*, *supra*, 99 Cal.App.5th at p. 1213, fn. 4 ["'a petitioner may have pled guilty or no contest to voluntary manslaughter in order to forego the risk of being convicted of murder or attempted murder under one of these subsequently abrogated theories of liability'"].)

The Attorney General argues:  "In his hand printed writing, appellant specifically admitted that he killed the victim with a firearm."  We disagree.

Although we are not experts on the subject, it appears to us that the factual basis of Hernandez's plea was written by his defense attorney because it is consistent with the handwriting that appears on all the other portions of the *Tahl* form.  And in 2013, a defense attorney would presumably have had no particular reason to distinguish on a *Tahl* form that a defendant was pleading guilty to voluntary manslaughter as an aider and abettor rather than as a direct perpetrator.  (See *People v. Canizalez* (2011) 197 Cal.App.4th 832, 850–851 [a person is equally guilty of the crime whether he or she committed it personally or aided and abetted the perpetrator who committed it].)

Further, Hernandez stated he "did this" unlawful killing "with a firearm,"

11

and he admitted a personal use of a firearm allegation. But it is well established that personal use of a firearm can include merely brandishing a weapon. (See *People v. Arzate*, *supra*, 114 Cal.App.4th at p. 400 ["'use' of a firearm may involve displaying the gun, brandishing the gun, or actually firing the gun"]; *People v. Davenport*, *supra*, 71 Cal.App.5th at p. 485 ["Davenport's admission to this [firearm] enhancement did not preclude the possibility of prosecution under a felony-murder theory"]; *People v. Young* (2005) 34 Cal.4th 1149, 1205 ["the gun-use true finding does not necessarily establish that he is the actual killer"]; *People v. Jones* (2003) 30 Cal.4th 1084, 1120 ["the finding of personal use [of a firearm] would not in itself prove defendant was the actual killer"].)

In short, Hernandez did not explicitly state that he shot and killed the victim; therefore, the factual basis of the guilty plea could be interpreted to mean that Hernandez brandished (used) a firearm during the commission of a target offense, and the victim was "unlawfully killed" as a result of a shooting by his codefendant, or some other accomplice. (See *People v. Smith*, *supra*, 60 Cal.4th at p. 612 ["'a reasonable person in the defendant's position would have known that the commission of the murder *or voluntary manslaughter* was a natural and probable consequence of the commission of the disturbing the peace or assault or battery'"], italics added.)

To reiterate and conclude, although it may have been a reasonable interpretation by the trial court of the available documents, the record of conviction does not *irrefutably* establish that Hernandez is the actual shooter. (See *Lewis*, *supra*, 11 Cal.5th at p. 972 ["at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'"].)

Thus, we reverse the ruling of the trial court and remand the matter with directions to issue an order to show cause and to conduct an evidentiary hearing.

III

DISPOSITION

The trial court's order denying Hernandez's section 1172.6 petition is reversed.  We remand the matter to the trial court with directions to issue an order to show cause and to conduct an evidentiary hearing.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.